UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERILLE WILLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>NELLYA KANDKHOROVA,<br><br>    Defendant. | CASE NO. 1:15-cv-01572-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS**<br><br>(ECF NO. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding in forma pauperis and with counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) Defendant Kandkhorova declined to consent to Magistrate judge jurisdiction. (ECF No. 16.)

On March 25, 2016, the Court screened Plaintiff's first amended complaint (ECF No. 9) and found it states a cognizable Eighth Amendment claim for damages and injunctive relief against Defendant Kandkhorova. (ECF No. 10.) The remaining claim for declaratory relief was dismissed with prejudice as subsumed within the damages claim.

Plaintiff's claim for preliminary injunctive relief also was denied.

## I. Williams v. King

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendant was not yet served at the time that the Court screened the first amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because Defendant had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in his previous screening order, he will below recommend to the District Judge that the non-cognizable claim be dismissed and that preliminary injunctive relief be denied.

## II. Findings and Recommendations on First Amended Complaint

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Plaintiff's Allegations

Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("CSATF"), where the acts giving rise to his complaint occurred. He brings a claim for Eighth Amendment medical indifference against his primary care provider, Dr. Nellya Kandkhorova.

| | |
|---|---|
| 1 | Plaintiff's allegations may be summarized essentially as follows. |
| 2 | On September 17, 2014, at Folsom State Prison, Dr. Feinberg prescribed Plaintiff |
| 3 | pain medication and pain management accommodations that provided relief for pain in |
| 4 | Plaintiff's spine, lower back, and neck. The medication included morphine and the |
| 5 | accommodations included permanent accommodations for a lower floor cell, bottom |
| 6 | bunk, a wooden cane, and no stairs. Plaintiff was placed in the DPM accommodation |
| 7 | chrono program. |
| 8 | On October 29, 2014, Plaintiff was transferred to CSATF. On October 30, 2014, |
| 9 | Plaintiff was seen by Defendant. When Plaintiff entered Defendant's office, Defendant |
| 10 | asked Plaintiff why he had accommodations and took morphine. Plaintiff explained that |
| 11 | these had been prescribed by his prior doctor to prevent unnecessary pain and further |
| 12 | injury. He explained the activities that cause him pain and the ways in which the |
| 13 | accommodations helped him. Defendant told Plaintiff that she did not care about his |
| 14 | complaints because it did not look like there was anything wrong with him. Plaintiff asked |
| 15 | Defendant to review his medical records and recent MRI but she refused. Defendant told |
| 16 | Plaintiff that she would be discontinuing his prescription and accommodations. Plaintiff |
| 17 | expressed concern that he would experience pain as a result. Defendant told Plaintiff to |
| 18 | leave her office. Defendant ordered that Plaintiff's morphine be tapered off and replaced |
| 19 | with other medication. |
| 20 | That night, Plaintiff wrote a 602 medical appeal regarding the visit. Plaintiff also |
| 21 | submitted CDCR 7362 requests for treatment. He was prescribed a variety of |
| 22 | medications that were ineffective and/or had negative side effects. He continues to |
| 23 | experience unnecessary pain as a result of the changes made by Defendant. |
| 24 | Plaintiff alleges that Defendant's conduct constitutes medical indifference in |
| 25 | violation of the Eighth Amendment. He seeks money damages, declaratory relief, and |
| 26 | preliminary and permanent injunctive relief requiring Defendant to treat his conditions. |
| 27 | |
| 28 | |

**D. Analysis**

**1. Medical Indifference**

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a

result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff's allegations of pain are sufficient to allege a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

Accepting the facts alleged by Plaintiff as true, as the Court must do at the pleading stage, Plaintiff also has alleged sufficient facts to support a claim of deliberate indifference. Plaintiff's allegations that Defendant changed Plaintiff's medication and accommodations without examining him, refused to review medical records, and refused

to acknowledge Plaintiff's pain, reflect indifference to Plaintiff's complaints. Plaintiff advised Defendant that her proposed course of treatment would be ineffective, then continued to complain of pain once the changes were instituted. The allegations state more than a difference of opinion regarding proper treatment or a mere preference for a different medication. See Toguchi, 391 F.3d at 1058. Instead, Plaintiff alleges facts to show that Defendant purposefully interfered with his ongoing medical treatment, without medical reason, and with deliberate indifference to the fact that doing so would cause Plaintiff unnecessary pain.

Accordingly, Plaintiff should continue to proceed on his Eighth Amendment medical indifference claim against Defendant Kandkhorova.

### 2. Declaratory Relief

Plaintiff seeks declaratory relief. However, because his claims for damages necessarily entail a determination of whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief should be dismissed.

### 3. Injunctive Relief

Plaintiff requests preliminary and permanent injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

Although Plaintiff states a cognizable claim, at this stage of the proceedings the Court is without sufficient evidence to determine that Plaintiff is likely to succeed on the merits.

Plaintiff also fails to suggest a real and immediate threat of irreparable injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). There is nothing to indicate that his condition will worsen without the requested treatment.

Plaintiff does not address the third or fourth elements, the balancing of equities and public interest concerns. Presently, the Court finds nothing to tip the balance of equities in Plaintiff's favor. And, while the public has an interest in providing inmates with constitutionally adequate care, the record before the Court does not justify the Court substituting its judgment regarding Plaintiff's medical treatment for that of medical staff.

These criteria not having been met, Plaintiff is not entitled to preliminary injunctive relief. Nevertheless, Plaintiff should continue to proceed in this action on a claim for permanent injunctive relief.

**III.     Conclusion**

In sum, Plaintiff's first amended complaint states a cognizable Eighth Amendment claim for damages and injunctive relief based on alleged inadequate medical care by Defendant Kandkhorova but no other cognizable claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     This action continue to proceed only on Plaintiff's Eighth Amendment claim for damages and injunctive relief against Defendant Kandkhorova;

2.     All other claims be DISMISSED with prejudice; and

3.     That Plaintiff's request for preliminary injunctive relief be DENIED..

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 8, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE