UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERILLE WILLIS,<br><br>    Plaintiff,<br><br>v.<br><br>NELLYA KANDKHOROVA,<br><br>    Defendant. | Case No. 1:15-cv-01572-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 37<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I. INTRODUCTION

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. ECF No. 9. This action now proceeds on the First Amended Complaint, filed on March 18, 2016 against defendant Dr. Nellya Kandkhorova, plaintiff's primary care physician. *Id.*; ECF No. 10. Plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment. ECF No. 9; ECF No. 10.

On February 7, 2018, defendants filed a motion for summary judgment. ECF No. 37.[1] Plaintiff filed an opposition on March 21, 2018, ECF No. 42, and defendants filed a reply on March 28, 2018, ECF No. 43. The motion was submitted on the record without oral argument

---

[1] Concurrently with her motion for summary judgment, defendant served plaintiff with the requisite notice of the requirements for opposing the motion. *See Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

1

under Local Rule 230(*l*). Defendants' motion for summary judgment is now before the court, and we will recommend granting it.

## II. BACKGROUND: THE FIRST AMENDED COMPLAINT

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("CSATF"), where the acts giving rise to his complaint occurred. He brings a claim for Eighth Amendment medical indifference against his primary care provider, Dr. Nellya Kandkhorova.

The court draws the following facts from plaintiff's complaint. ECF No. 1. Plaintiff alleges that on September 17, 2014, at Folsom State Prison, Dr. Feinberg prescribed plaintiff morphine for pain in the spine, lower back, and neck. Dr. Feinberg also authorized plaintiff to have medically necessary accommodations: a lower-floor cell, bottom bunk, wooden cane, and stair-free environment. Dr. Feinberg assigned plaintiff to the "DPM"[2] program for inmates with disabilities.

On October 29, 2014, CDCR transferred plaintiff to CSATF. On October 30, 2014, plaintiff saw defendant for medical treatment. When plaintiff entered defendant's office, defendant asked plaintiff why he had accommodations and a prescription for morphine. Plaintiff stated that the accommodations and medication had been prescribed by his prior doctor to prevent further injury and unnecessary pain. He described the activities that caused him pain and the ways that the accommodations helped him. In response, defendant told plaintiff that she did not care about his complaints because it did not look like there was anything wrong with him. Plaintiff asked defendant to review his medical records and recent MRI, but she refused. Defendant told plaintiff that she would be discontinuing his morphine prescription and accommodations. Plaintiff expressed concern that he would experience pain as a result. Defendant told plaintiff to leave her office. Defendant then ordered that plaintiff's morphine be tapered off and replaced with other medication. That night, plaintiff wrote a 602 medical appeal regarding the visit. Plaintiff also submitted healthcare service requests.

Defendant prescribed a variety of medications for plaintiff that were ineffective and/or

---

[2] Plaintiff does not explain what "DPM" means.

2

had negative side effects. Plaintiff experienced unnecessary pain because of the changes made by defendant. Plaintiff alleges that defendant's conduct constitutes medical indifference in violation of the Eighth Amendment. He seeks money damages, declaratory relief, and preliminary and permanent injunctive relief requiring defendant to treat his conditions.

### III. LEGAL STANDARDS

#### a. Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord*

*Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meet this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**b. Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891

5

F.2d 240, 242 (9th Cir. 1989).

## IV. DISCUSSION

We first consider whether defendant, the moving party, has met her initial burden of "proving the absence of a genuine issue of material fact" and a prima facie entitlement to summary judgment. *Celotex Corp.*, 477 U.S at 323. Defendant presents evidence that she rescinded plaintiff's medical chronos[3] for a cane and mobility vest because plaintiff did not meet the criteria for those accommodations. The California Department of Corrections and Rehabilitation ("CDCR") policy in effect on October 20, 2014 provided that canes "are medically necessary when prescribed by a physician for a patient with a condition that is causing impaired ambulation, and when there is a potential for ambulation." ECF No. 37-6, at 4-5, Kandkhorova Decl. ¶ 14. CDCR policy also provided that a physician will issue a cane only if physical examination supports the need for the cane. *Id.*; ECF No. 37-4, at 9, Kumar Decl. ¶ 30. Before rescinding the authorizations for plaintiff's cane and mobility-vest accommodations, Dr. Kandkhorova and other individuals observed that plaintiff could sit and stand without difficulty and walk with a normal gait without putting weight on the cane. ECF No. 37-6, at 2, Kandkhorova Decl. ¶ 6; ECF No. 37-4, at 5-9, Kumar Decl. ¶¶ 15, 19-25, 28-30. Dr. Kandkhorova therefore concluded that the cane and mobility vest were not medical necessary. ECF No. 37-6 at 3, Kandkhorova Decl. ¶ 9.

Defendant also presents evidence that she changed plaintiff's drug prescription from morphine to ibuprofen and oxcarbazepine because this change was a medically appropriate response to plaintiff's symptoms. Dr. Feinberg, plaintiff's treating physician at California State Prison, Sacramento,[4] had prescribed plaintiff morphine for pain on September 17, 2014. (*See* ECF No. 37-4 at 4-5, Kumar Decl. ¶¶ 12, 14. Plaintiff then transferred to Substance Abuse Treatment Facility and State Prison, where he was examined by defendant on October 30, 2014.

---

[3] In the CDCR system, a "medical chrono" is a form of permission that enables an inmate to possess medical equipment that an inmate is not otherwise permitted to have. ECF No. 37-4 at 3, Kumar Decl. ¶ 7.
[4] In plaintiff's first amended complaint, he alleges that Dr. Feinberg treated him at Folsom State Prison. This dispute of fact is not material.

6

ECF No. 37-4, at 5, Kumar Decl. ¶ 15; ECF No. 37-6, at 2, Kandkhorova Decl. ¶ 5. In the medical records from the October 30, 2014 visit, defendant noted that she had reviewed plaintiff's chart and August 13, 2014 MRI results before plaintiff was brought into her office. ECF No. 37-4, at 5, Kumar Decl. ¶ 15; ECF No. 37-6, at 2, Kandkhorova Decl. ¶ 5. Based on her physical examination of plaintiff and review of his medical records, defendant rescinded plaintiff's prescription for morphine, weaning him off the drug over the course of ten days. ECF No. 37-4, at 5, Kumar Decl. ¶¶ 15-16; ECF No. 37-6, at 3-4, Kandkhorova Decl. ¶¶ 9-12. Defendant explained her rationale for this decision in a declaration:

> Plaintiff presented contraindications for morphine because he was ambulatory and had developed muscles that could support his spine and movement, he has a past history of drug abuse, increasing the likelihood that he would become addicted to morphine. Additionally, morphine is indicated for acute injury and for a limited time, not for chronic pain management.

ECF No. 37-6, at 3, Kandkhorova Decl. ¶ 11. Instead of morphine, defendant prescribed plaintiff physical therapy and a regimen of ibuprofen and oxcarbazepine, with a follow-up to occur in thirty days. ECF No. 37-4, at 5, Kumar Decl. ¶ 16; ECF No. 37-6, at 3, Kandkhorova Decl. ¶ 10.) K. Kumar, M.D., J.D, a Chief Medical Executive employed by the California Department of Corrections and Rehabilitation, reviewed plaintiff's medical records and opined that defendant's treatment of plaintiff, including the pain management, was "well within the community standard of care." ECF No. 37-4, at 1, 4, 9, Kumar Decl. ¶¶ 1, 10, 29-31.

The court finds that defendant's evidence "negat[es] an essential element of the nonmoving party's claim." *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. Specifically, defendant's evidence negates the second prong of the deliberate indifference inquiry, which is "satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference," *Jett*, 439 F.3d at 1096, because defendant affirmatively responded to plaintiff's pain and medical need. Therefore, defendant has met her initial burden.

Because defendant satisfied her initial burden, the burden shifts to plaintiff to present

specific facts[5] that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. The arguments in plaintiff's brief in opposition do not comport with the summary judgment standard governing this case.[6] Instead of identifying discrete, genuine issues of material fact, he makes the general argument that "A reasonable trier could find that defendant acted with disregard of defendant's serious medical condition or otherwise acted with deliberate indifference." ECF No. 42, at 5. Nonetheless, the court will address the arguments in defendant's brief and, when possible, construe them as attempts to raise genuine issues of material fact. First, plaintiff argues that he "substantiated that he had a serious medical need." ECF No. 42, at 5. Defendant does not challenge this point, so this does not demonstrate a genuine dispute of material fact.

Second, plaintiff argues that defendant's first physical examination of plaintiff demonstrates deliberate indifference. To support this position, plaintiff points to his response to interrogatories, in which he stated that defendant "gave no regard to what the MRI or the CAT scan showed." Stroud Decl. at 5, Ex. 4. Plaintiff also points to his deposition, in which he stated that he told defendant that he was in pain at the physical examination, and she responded, "you're not in pain." Stroud Decl. at 5 (citing ECF No. 37-9, at 2).

The evidence cited by plaintiff does not demonstrate deliberate indifference. As stated

---

[5] Plaintiff, who is represented by counsel, did not adhere to Local Rule 260(b), which establishes requirements for presenting specific facts that show a genuine issue of a material fact. Defendant informed plaintiff of the requirements of this rule in the *Rand* warning that defendant filed concurrently with her summary judgment motion. ECF No. 37-1. Despite this warning, , plaintiff, in his attempt to present specific facts that show a genuine issue of a material fact, failed to cite to particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document. ECF No. 42-3. While the court could therefore "consider only the cited materials," the court will nonetheless consider plaintiff's motion on the merits. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

[6] Plaintiff's argument may be guided by the summary judgment standard for cases in which the moving party bears the burden of proof at trial: "[W]here the moving party has the burden [of proof at trial] - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks omitted). Here, however, defendants, the moving party, do not bear the burden of proof at trial.

8

above, to establish that "the defendant's response to the need was deliberately indifferent," *Jett*, 439 F.3d at 1096, plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need." *Id.* Even if defendant discounted the MRI, CAT scan, or plaintiff's professed pain level, the facts alleged demonstrate that defendant affirmatively responded to plaintiff's need: She prescribed him physical therapy and a regimen of ibuprofen and oxcarbazepine, with a follow-up to occur in thirty days. ECF No. 37-4 at 5, Kumar Decl. ¶ 16; ECF No. 37-6 at 3, Kandkhorova Decl. ¶ 10. While this is not the treatment plaintiff would have preferred, the evidence demonstrates that defendant did not "fail[] to respond to [plaintiff's] pain or possible medical need." *Jett*, 439 F.3d at 1096; *cf. Toguchi*, 391 F.3d at 1058 (holding that a difference of opinion between a physician and the prisoner concerning what medical care is appropriate does not amount to a constitutional claim of deliberate indifference).

Third, plaintiff attempts to show that there was a dispute of fact whether plaintiff required a cane. Pointing to a CDCR official's declaration that described the prescriptions issued by Dr. Feinberg, plaintiff argues that "It is evident by Dr. Feinberg['s] diagnosis and treatment that Plaintiff did in fact have a serious medical need that required a cane." ECF No. 42, at 7 (citing ECF No. 37-4, at 4-5, Kumar Decl. ¶ 14). However, defendant concedes that Dr. Feinberg treated plaintiff differently, and defendant thoroughly explained why she treated plaintiff differently. ECF No. 37-4, at 4, Kumar Decl. ¶¶ 12, 14; ECF No. 37-6, at 3, Kandkhorova Decl. ¶ 11. Therefore, the evidence cited by plaintiff does not raise a genuine issue of material fact.

Finally, plaintiff attempts to show that there was a dispute of fact concerning whether plaintiff suffered harm by pointing to the "more than 25 Healthcare Service Request forms" that plaintiff submitted between October 31, 2014 and February 17, 2016. ECF No. 42, at 8. Plaintiff argues that these submissions demonstrate that defendant's actions harmed plaintiff. *Id.* Whether a plaintiff suffered harm is only relevant if a plaintiff shows that the harm is a result of defendant's deliberate indifference. *See Jett*, 439 F.3d at 1096 ("This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or

9

failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.") Here, plaintiff has failed to provide evidence showing defendant's responsibility for "a purposeful act or failure to respond to a prisoner's pain or possible medical need," *id.*, so any issue over whether the submissions demonstrate harm is not genuine. *See Anderson*, 477 U.S. at 249 ("[T]here is no [genuine] issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.")

In sum, the evidence, construed in favor of plaintiff, is insufficient to raise a triable issue whether defendant perpetrated "a purposeful act or failure to respond to a prisoner's pain or possible medical need" as is required to show deliberate indifference. *Jett*, 439 F.3d at 1096. We conclude that there is no genuine issue of material fact and that defendant is entitled to summary judgment.[7]

## V. FINDINGS AND RECOMMENDATION

For the foregoing reasons, we recommend that defendant's motion for summary judgment be granted and that the clerk of the court be directed to close this case.

We submit these findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

---

[7] The court has found that summary judgment is appropriate on the merits. Therefore, we need not address the issue of qualified immunity.

10

IT IS SO ORDERED.

Dated: October 24, 2018

_____
UNITED STATES MAGISTRATE JUDGE